IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

DANIEL OWENS                                                                                           PLAINTIFF

V.                                      CASE NO. 3:22-cv-00316 JM

TERESA FRANKLIN and
LAUREN OWENS                                                                                          DEFENDANTS

## ORDER

Plaintiff Daniel Owens was detained at the Poinsett County Detention Facility when he initiated this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. 2). He has since notified the Court that he was released from detention and updated his address. (Doc. 11). Owens has also amended his complaint to sue Legal Aid Attorney Teresa Franklin and his ex-wife Lauren Owens.[1] (Doc. 6). His amended complaint must be screened. *See* 28 U.S.C. § 1915A.

I.    *In Forma Pauperis* Application

The Court's previous denial of Owens's free-world motion to proceed *in forma pauperis* (Doc. 7) is VACATED, and the motion (Doc. 1) is now GRANTED. *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (per curiam) (complaint can be filed if plaintiff qualifies by economic status under 28 U.S.C. § 1915(a)). He reports no income and three dependents. (Doc. 1). Owen's prison applications to proceed *in forma pauperis* (Doc. 9-10) are DENIED as MOOT.

II.   Screening

Federal law requires courts to screen *in forma pauperis* complaints, 28 U.S.C. § 1915(e), and prisoner complaints seeking relief against a governmental entity, officer, or employee,

---

[1] An amended complaint supersedes the original complaint making it a legal nullity. *See In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000). Accordingly, the Clerk is directed to terminate Judge Cindy Thyer as a named defendant as she is not named in the amended complaint.

28 U.S.C. § 1915A. Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A.

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The *in forma pauperis* statute also imposes these standards for dismissal. 28 U.S.C. § 1915(e)(2)(B).

**III.    Background**

In his amended complaint, Owens challenges details of his divorce decree. (Doc. 6 at 4). He argues that the papers he signed to secure his divorce have since been tampered with and challenges the truth of details of the decree such as the date of separation and ordered child support. (*Id*.). He asks that the papers be returned to their original form and also asks for custody of his children. (*Id*. at 5).

Owens's claims fail for a number of reasons. First, Owens cannot relitigate divorce and custody issues in federal court. *Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994). Second, even if he could, he has not asserted a § 1983 claim. In order to state a claim for relief under § 1983, the complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or federally protected statutory right. *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999). Not only has Owens not asserted a constitutional right, but both Franklin and Owens are private actors not subject to suit under § 1983.

**IV.     Conclusion**

1. Owens's complaint is dismissed without prejudice.

2. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith.

IT IS SO ORDERED this 15th day of February, 2023.

_____
UNITED STATES DISTRICT JUDGE